# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROUNDY'S SUPERMARKETS, INC.,**
        **Plaintiff,**

     v.                                                           Case No. 08C0142

**NASH-FINCH COMPANY,**
                **Defendant.**

## DECISION AND ORDER

Plaintiff Roundy's Supermarkets, Inc. brings this diversity action against defendant Nash-Finch Company, alleging that defendant breached an asset purchase agreement ("APA") between the parties. Plaintiff is a Wisconsin corporation, and its principal place of business is Wisconsin. Defendant is a Delaware corporation, and its principal place of business is Minnesota. The lawsuit arises out of the sale by plaintiff to defendant of two wholesale food distribution centers for a price of approximately $225 million. Plaintiff alleges that defendant failed to pay it some $7 million in post-closing adjustments. Defendant asserts a number of counterclaims, including counterclaims for fraud in the inducement, breach of the implied covenant of good faith and fair dealing and deceptive trade practices. The counterclaims flow from defendant's allegation that plaintiff misrepresented the value of the distribution centers.

Pursuant to Fed. R. Civ. P. 12(c), plaintiff now moves for judgment on the pleadings with respect to the three above-described counterclaims. I address plaintiff's motion under the Fed. R. Civ. P. 12(b)(6) standard. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989). Under this standard, the factual allegations in defendant's counterclaims must

give plaintiff notice of the claims against it and the grounds upon which the claims rest, and must raise defendant's right to relief above a speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). I assume that defendant's allegations are true and draw all reasonable inferences in its favor. Marshall-Mosby v. Corp. Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000).

**1.     Counterclaim for Fraud in the Inducement**

This counterclaim involves defendant's allegation that plaintiff fraudulently induced it to enter into the APA by misrepresenting the value of the distribution centers. Plaintiff argues that the claim is barred by the economic loss doctrine. The parties disagree concerning what state's law governs the issue. Plaintiff argues that Wisconsin law governs, and defendant contends that there is good cause for applying Minnesota law but that I should not address the question until it has had the benefit of discovery. However, I conclude that the record contains sufficient information to enable me to resolve the issue.

In determining a choice of law issue, I apply the choice of law rules of the forum state. See, e.g., Tanner v. Jupiter Realty Corp., 433 F.3d 913, 915 (7th Cir. 2006). Under Wisconsin choice of law rules, there is a weak presumption in favor of the law of the forum. State Farm Mut. Auto Ins. Co. v. Gillette, 251 Wis. 2d 561, 567 (2002). That is, I apply Wisconsin law unless "it becomes clear that nonforum contacts are of greater significance." Id. (quoting Hunker v. Royal Indem. Co., 57 Wis. 2d 588, 599 (1973). The APA agreement in the present case involved contacts with Wisconsin and Minnesota. Plaintiff is headquartered in Wisconsin, made the alleged misrepresentations here and maintained a "data room" concerning the contract in Wisconsin. Further, the parties consented to venue in a federal court in Wisconsin. And, defendant is headquartered in Minnesota and

2

received relevant documents there. However, nothing in the record suggests that the Minnesota contacts are more significant than those with Wisconsin, nor does defendant suggest what kind of further information would be gleaned from discovery that would be relevant to this issue. Therefore, I will apply Wisconsin law to the issue of whether defendant's fraud in the inducement claim is barred by the economic loss doctrine.

The economic loss doctrine bars a party to a contract from bringing a tort action for economic loss arising out of an alleged breach of contract. Tietsworth v. Harley-Davidson, Inc., 270 Wis. 2d 146, 162 (2004). Wisconsin recognizes a narrow exception to the doctrine. A party to a contract may bring an action for fraudulent inducement as long as the alleged fraud is "extraneous to, rather than interwoven with, the contract." Kaloti Enters., Inc. v. Kellogg Sales Co., 283 Wis. 2d 555, 585 (2005). That is, the fraud must deal with "matters whose risk and responsibility did not relate to the quality or characteristics of the goods for which the parties contracted or otherwise involved performance of the contract." Id. Defendant argues that its claim of fraud against plaintiff comes within the exception. I disagree. Plaintiff alleges that defendant committed fraud by misrepresenting the value of the distribution centers that were the subject of the contract. Misrepresentation of the value of property that is the subject of a contract is not extraneous to the contract but rather clearly interwoven with it. Thus, defendant's counterclaim for fraud in the inducement is barred by the economic loss doctrine.

**2.     Counterclaim for Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendant also claims that plaintiff breached the implied covenant of good faith and fair dealing. The parties agree that Delaware law governs this issue and that under Delaware law, such a covenant is implied in all contracts. Gloucester Holding Corp. v. U.S.

3

Tape & Sticky Prods., LLC, 832 A.2d 116, 128 (Del. Ch. 2003). Under the covenant, the parties to a contract must act reasonably to fulfill the contract's purpose. Id. Based on this principle, courts must occasionally imply terms into an agreement, but "those cases should be rare and fact-intensive, turning on issues of compelling fairness." Cincinnati SMSA Ltd. P'ship v. Cincinnati Bell Cellular Sys. Co., 708 A.2d 989, 992 (Del. 1998). In determining whether to do so, a court asks:

> is it clear from what was expressly agreed upon that the parties who negotiated the express terms of the contract would have agreed to proscribe the act later complained of as a breach of the implied covenant of good faith – had they thought to negotiate with respect to the matter?

Katz v. Oak Indus. Inc., 508 A.2d 873, 880 (Del. Ch. 1986). If the express terms of a contract address the conduct that allegedly breaches the implied covenant, there is no reason to rely on the covenant. Allied Capital Corp. v. GC-Sun Holdings, L.P., 910 A.2d 1020, 1032-33 (Del. Ch. 2006). Thus, in order to prevail on a breach of implied covenant claim, a party must show that a contract does not adequately address the conduct in question and that the parties would have proscribed the conduct had they negotiated on the matter. See id.

In this case, defendant argues that plaintiff made misrepresentations and omissions concerning the financial condition of the distribution centers. However, as defendant states in its amended counterclaims, "the APA contains a number of provisions intended to protect [defendant] against the possibility that [plaintiff] had made misrepresentations and/or failed to disclose important information on matters material to [defendant]." (Ans. and Am. Countercl., p. 7 ¶ 13.) Thus, by defendant's own admission, the parties clearly contemplated the conduct in question while negotiating the terms of the APA, and the APA

4

itself therefore speaks expressly to the conduct. Cf. Allied Capital, 910 A.2d at 1033 (stating that the implied covenant analysis only applies where the parties' expectations were so fundamental that they felt no need to negotiate about them, and therefore the contract is truly silent on the matter). Defendant does not suggest that the express provisions of the APA do not adequately address the alleged misrepresentations and omissions. As such, there is no need to rely on any implied covenant and I therefore will dismiss defendant's counterclaim for breach of the implied covenant of good faith and fair dealing.

**3.     Counterclaim for Violation of Wis. Stat. § 100.18**

The final counterclaim at issue is defendant's claim that plaintiff's conduct violated Wisconsin's Deceptive Trade Practices Act (DTPA), Wis. stat. § 100.18. Wisconsin courts have described the three elements of a DTPA claim as follows: "First, that with the intent to induce an obligation, the defendant made a representation to the public. Second, that the representation was untrue, deceptive, or misleading. Third, that the representation caused the plaintiff a pecuniary loss." K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc., 301 Wis.2d 109, 121-22 (2007) (citations omitted). The only element at issue in the present case is whether defendant was a member of "the public" for the purposes of the statute.[1]

---

[1] Plaintiff also argues that the Wisconsin DTPA only covers affirmative misrepresentations, not omissions. While this is true, see Tietsworth v. Harley-Davidson, Inc., 270 Wis. 2d 146, 170 (2004), defendant has alleged that plaintiff made affirmative misrepresentations, and thus this argument is insufficient to justify judgment on the pleadings.

5

The definition of "public" in this statute is quite broad, covering a larger population than a layperson's definition of the term would indicate. For example, a representation made to just one person in private can constitute a representation to the public. See State v. Automatic Merchandisers of Am., Inc., 64 Wis. 2d 659, 663-64 (1974). The definition, however, is not without some limitation. For example, a party that has signed a contract to purchase a product is no longer a member of the public. See Kailin v. Armstrong, 252 Wis. 2d 676, 710 (Ct. App. 2002).

The important factor in determining whether a plaintiff is a member of the public is "whether there is some particular relationship between the parties." K & S, 301 Wis. 2d at 123 (quotation omitted). "The existence of a particular relationship will depend upon its own peculiar facts and circumstances and must be tested by the statute in the light of such facts and circumstances." Id. at 125 (quotation omitted). In K & S, the court affirmed a trial court decision to send the issue of whether a buyer of manufacturing equipment was a member of the public to the jury, concluding that the issue was not a pure issue of law. Id. at 126-27.

Plaintiff suggests that the confidentiality agreement in place during the time when Plaintiff allegedly made the misrepresentations in question, prior to entering into the APA, was sufficient to raise the relationship between the parties to that of a particular relationship. Wisconsin courts have not addressed whether a party who signed a confidentiality agreement may remain a member of the public for the purposes of the DTPA, and, while the confidentiality agreement suggests that the parties had some relationship, it is not clear at this stage that it rose to the level of a "particular relationship" for the purposes of the DTPA. Plaintiff and defendnat had no longstanding relationship

6

prior to entering into negotiations for the purchase of the distribution centers. Cf. Uniek, Inc. v. Dollar General Corp., 474 F. Supp. 2d 1034, 1039 (W.D. Wis. 2007) (finding that the parties' thirteen-year history of business dealings coupled with a recent letter of understanding was sufficient to disqualify plaintiff as a member of the public). Further, the acts at issue occurred before the contract to purchase the distribution centers was signed. Cf. Kailin, 252 Wis. 2d at 710. The fact that the parties set conditions of confidentiality on disclosures made prior to entering into a purchase contract does not necessarily create a particular relationship. Had the asset purchase deal not gone through, presumably plaintiff would have disclosed the same information to another prospective buyer in the course of negotiations to induce that party to enter into a purchase agreement. Thus, I cannot conclude at this stage of the proceedings that as a matter of law defendant is not a member of the public, and I therefore decline to dismiss its counterclaim under the Wisconsin DTPA.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART** as discussed herein.

Dated at Milwaukee, Wisconsin this 22 day of December, 2008.

/s
LYNN ADELMAN
District Judge